UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HIGH QUALITY PRINTING INVENTIONS,
LLC, ('070) PATENT LITIGATION                                MDL No. 2690


ORDER DENYING TRANSFER


**Before the Panel:** Patentholder High Quality Printing Inventions, LLC (HQPI) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this patent litigation in the Northern District of Georgia or, alternatively, the Northern District of Illinois or the District of Minnesota. This litigation currently consists of eight actions pending in six districts, as listed on Schedule A.[1]

Several accused infringers, including numerous defendants whose actions since have been dismissed, responded to the motion for centralization. Northern District of Ohio defendant Cardstore, Inc., opposes centralization and, alternatively, prefers the Northern District of Illinois as the transferee district. Now-dismissed defendants Hallmark Business Connections, Inc., Shutterfly, Inc., Luxe Cards, LLC, Master Marketing International, Inc., and Zazzle, Inc. opposed centralization. Northern District of Texas defendant Printograph, Inc., d/b/a gotprint.com, and Western District of Missouri defendant Great FX Business Cards, LLC, which also were recently dismissed, opposed centralization and alternatively supported selection of the Northern District of California, the Northern District of Illinois or the District of Minnesota as the transferee forum. Numerous defendants,[2] including some that separately opposed centralization (and several who since have been dismissed), submitted a joint brief expressing their support, should we decide to centralize this litigation, for a Northern District of Illinois, a District of Minnesota or a Northern District of California transferee forum.

---

[1] The motion for centralization initially included 32 actions, but 24 actions were dismissed during the pendency of the motion. The bulk of these dismissals occurred shortly before the Panel's hearing of this motion.

[2] Defendants 123Print, Inc.; Angstrom Graphics, Inc. Midwest; Barton Cotton Affinity Group, LLC; CardsDirect, Inc.; Cardstore, Inc.; Cimpress USA, Inc.; Deluxe Small Business Sales, Inc.; Digital Room, Inc.; Everglades Direct, Inc.; Hallmark Business Connections, Inc.; Invitation Consultants, Inc.; Master Marketing International, Inc.; Moo Inc.; Office Depot, Inc.; OvernightPrints, Inc.; PaperDirect, Inc.; Pear Tree Greetings, Inc.; Posty Cards, Inc.; PrintingForLess.com, Inc.; Printograph, Inc.; Prudent Publishing Co., Inc.; PsPRINT; Safeguard Business Systems, Inc.; Shutterfly, Inc.; Simply To Impress LLC; Staples, Inc.; Thayer Publishing, Inc., and Zazzle, Inc.

- 2 -

HQPI dismissed several cases on the eve of our hearing and waived oral argument.[3] Attorneys for now-dismissed defendants Printograph, Inc., d/b/a gotprint.com, Great FX Business Cards, LLC, Posty Cards, Inc., and Staples, Inc., appeared at oral argument. Their presentations provided insight into the current procedural posture of this litigation and the flurry of activity immediately preceding our hearing, particularly in light of the absence of counsel for moving plaintiff HQPI.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. At issue in this litigation is a patent owned by HQPI: U.S. Patent Nos. 6,012,070 ("the '070 Patent"), entitled "Digital Design Station Procedure," which relates generally to the field of publishing and printing. More specifically, the '070 Patent relates to systems and methods of producing customized business forms and brochures by allowing an end user to choose low resolution graphics to create customized documents. The actions involve similar allegations surrounding the infringement or validity of certain claims of the '070 patent. Despite some factual overlap among the present actions, HQPI has failed to convince us that centralization is necessary in these circumstances.

Several considerations weigh against centralization here. Only eight cases remain in this litigation that only a few months ago involved four times as many cases. The accelerating pattern of dismissals of such a large number of cases suggests that the remaining cases may not require the significant judicial attention that centralization would afford. *Cf. In re: ArrivalStar S.A. Fleet Mgmt. Sys. Pat. Litig.*, 802 F. Supp. 2d 1378, 1379 (2011) ( "[T]he patentholder, and other parties opposing centralization of their individual actions, have convinced us that centralization in fact may thwart the orderly resolution of these patent cases. ArrivalStar has brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant judicial attention.").[4] Additionally, HQPI's selective, last-minute dismissals of defendants intending to present oral argument are

---

[3]  HQPI initially notified the Panel of its intent to present oral argument, but subsequently indicated – on the evening of March 29, 2016, less than two full days before the Panel hearing – that it was waiving oral argument.

[4]  *See also In re: Genetic Techs. Ltd. ('179) Pat. Litig.*, 883 F. Supp.2d 1337, 1337–38 (J.P.M.L.2012) (denying centralization because, *inter alia*, the patent's litigation history suggested that most actions did not require significant judicial intervention and were dismissed through settlement or other means "within a relatively short period of time"); *In re: Brandywine Comms. Techs., LLC Pat. Litig.*, 959 F. Supp. 2d 1377 (J.P.M.L. 2013) (denying centralization where more than half of the defendants had settled and "actions are being litigated in a manner that is likely to lead to their resolution").

- 3 -

troubling and raise the question of whether it was attempting (albeit in a clumsy and rather transparent manner) to prevent the presentation of opposing viewpoints at oral argument.[5]

Although we are denying centralization, if any of the remaining cases move forward, the parties may find it advisable to coordinate common discovery. This may be particularly helpful, as defendants note, on such issues as the defense of laches and the alleged failure of the owners of '070 patent to enforce their patent over the past fifteen years. Moreover, the involved courts may agree to allow one court to rule on motions to dismiss based on unpatentable subject matter, if any are filed, or allow a claim construction hearing to proceed in one action in advance of the others. Several alternatives to formal centralization are available to the parties, should the need arise. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIGATION, FOURTH § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell              Charles R. Breyer
Lewis A. Kaplan                  Ellen Segal Huvelle
R. David Proctor                 Catherine D. Perry

---

[5] We have long held that our "primary purpose is not to divine the motives and strategies of the various litigants . . . . Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.". *In re: CVS Caremark Corp. Wage and Hour Emp't. Pracs. Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010).

**IN RE: HIGH QUALITY PRINTING INVENTIONS,**
**LLC, ('070) PATENT LITIGATION**                    MDL No. 2690

## SCHEDULE A

Southern District of Florida

HIGH QUALITY PRINTING INVENTIONS, LLC v. OFFICE DEPOT, INC.,
C.A. No. 9:15-81608

District of Massachusetts

HIGH QUALITY PRINTING INVENTIONS, LLC v. BAY STATE ENVELOPE,
INC., C.A. No. 1:15-13961

District of Minnesota

HIGH QUALITY PRINTING INVENTIONS, LLC v. DELUXE SMALL BUSINESS
SALES, INC., C.A. No. 0:15-4253
HIGH QUALITY PRINTING INVENTIONS, LLC v. 123PRINT, INC., ET AL.,
C.A. No. 0:15-4256

District of New Jersey

HIGH QUALITY PRINTING INVENTIONS, LLC v. ALLBUSINESSCARDS.COM,
C.A. No. 2:15-8344

Northern District of Ohio

HIGH QUALITY PRINTING INVENTIONS, LLC v. CARDSTORE, INC.,
C.A. No. 1:15-2417
HIGH QUALITY PRINTING INVENTIONS, LLC v. ANGSTROM GRAPHICS,
INC. MIDWEST, C.A. No. 1:15-2418

Northern District of Texas

HIGH QUALITY PRINTING INVENTIONS, LLC v. SAFEGUARD BUSINESS
SYSTEMS, INC., C.A. No. 3:15-3796